IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00208-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL LAMONT MOORE (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, and for the appointment of counsel. (Doc. No. 227).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. Here, the defendant cannot obtain relief from this Court when he has not first sought it through the warden at his facility. Therefore, the Court is without authority to consider the merits of his claim. United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

There is no right to counsel in § 3582(c) proceedings. <u>United States v. Legree</u>, 205 F.3d 724, 729-30 (4th Cir. 2000). Furthermore, it appears from the record that the defendant has adequately raised issues on his own in the past.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release and for appointment of counsel, (Doc. No. 227), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: August 5, 2020

Robert J. Conrad, Jr.
United States District Judge